IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00255-MR

| | |
|---|---|
| SOMCHAI NOONSAB,      )<br>                                             )<br>           Petitioner,           )<br>                                             )<br>vs.                                       )<br>                                             )<br>N.C. STATES,                       )<br>                                             )<br>           Respondent.         )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Mandamus Coram Nobis of N.C. States" [Doc. 1], which this Court construes as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [Doc. 1].

Petitioner is a prisoner of the State of North Carolina currently incarcerated at Franklin Correctional Center in Franklin County, North Carolina. Petitioner is currently serving a sentence following his criminal conviction in Wake County, North Carolina. Petitioner styles his petition as a "mandamus coram nobis" and appears to challenge his state court conviction and claims that he is being falsely imprisoned.[1] [Doc. 1]. Because Petitioner is a state prisoner who remains incarcerated, coram nobis relief is

---

[1] Petitioner also seeks $900 million from each "involved authority" and $900 billion from the State of North Carolina on his exoneration. [Doc. 1 at 6].

not available. In re Shelton, 1 Fed. App'x 149 (4th Cir. 2001) (holding writ of error coram nobis was not available in federal court to attack state criminal judgment); United States v. Morgan, 346 U.S. 502, 506 n.4 (1954) (A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241). The Court, therefore, construes Petitioner's filing as petition for writ of habeas corpus under 28 U.S.C. § 2254.

State prisoner habeas corpus petitions may be brought either in the federal judicial district in which the state court of the conviction is located or in the district of confinement. See 28 U.S.C. § 2241(d). Petitioner's place of conviction and place of confinement are both located in the Eastern District of North Carolina. As such in accordance with 28 U.S.C. § 2241(d) and joint order of the United States District Courts for the Eastern, Middle and Western Districts of North Carolina (Joint Order, In re: Applications for Writs of Habeas Corpus (Oct. 26, 1966)), the Court shall transfer this action to the United States District Court for the Eastern District of North Carolina, where venue is proper.

This Court has not conducted an initial review of the petition and makes no observation as to its merits or timeliness. **The Court, however,**

**admonishes Plaintiff against filing any further improper actions with this Court seeking relief unavailable here. This is the fourth such action filed by Petitioner since 2020 and the third such action since May 2022. [Case Nos. 1:20-cv-00401-MR, 1:22-cv-00109-MR, 1:22-cv-00213-MR, 1:22-cv-00255-MR]. Any further such attempts by Petitioner may be summarily stricken and/or subject Petitioner to a pre-filing injunction in this Court.**

**IT IS, THEREFORE, ORDERED that:**

1. This action is transferred to the Eastern District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge